UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew Breen,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Ramsey County; and Frank Demike, Hawa Hassan, Cathleen Larsen, Caroline Odima, Lauren Peterson, and John Does 1-2, all in their individual and official capacities,<br><br>　　　　Defendants. | Court File No.<br><br>**COMPLAINT WITH JURY DEMAND** |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the Minnesota Human Rights Act ("MHRA"), and Minnesota common law, against Ramsey County and its employees, in their individual and official capacities.

2. It is alleged that Defendants violated Plaintiff's constitutional rights, violated the ADA, Rehabilitation Act, and MHRA, and engaged in negligence and medical malpractice.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

1

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's causes of action occurred within the State of Minnesota.

## PARTIES

5. Plaintiff Matthew Breen was at all material times a resident of the State of Minnesota, and of full age.

6. Defendant Ramsey County is a municipal corporation and the public employer of all individually named Defendants. Defendant Ramsey County is sued directly and also on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02 for the actions of its officers and officials.

7. Defendants Frank Demike, Hawa Hassan, Cathleen Larsen, Caroline Odima, and Lauren Peterson were at all times relevant to this complaint duly appointed and acting employees or agents of Defendant Ramsey County, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or Ramsey County. Defendants Frank Demike, Hawa Hassan, Cathleen Larsen, Caroline Odima, and Lauren Peterson are being sued in their individual and official capacities.

8. Defendants John Does 1-2 were at all times relevant to this complaint duly appointed and acting officers of the sheriff's office of Ramsey County, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or Ramsey County. Defendants John Does 1-2 are being sued in their individual and official capacities.

**FACTS**

9. On or about September 6, 2022, Plaintiff Matthew Breen was admitted and booked into the Ramsey County Jail.

10. On October 20, 2022, Plaintiff stated during a dental exam that: "My tooth in the very back right side has a hole in it that was bothering me a little for a while but now it aches sometimes constantly all the way around to the front of my face which means there's probably some kind of nerve involved." Plaintiff indicated that a tooth was grossly decayed. Following an x-ray, Plaintiff was informed that this tooth would require surgical extraction.

11. On October 27, 2022, Ramsey County employee Lisa Xiong scheduled a dental appointment for Plaintiff with Dr. Christensen on November 30, 2022 for the surgical extraction of Plaintiff's decayed tooth.

12. On November 18, 2022, Ramsey County employee Lisa Xiong rescheduled the November 30, 2022 dental appointment for Plaintiff with Dr. Christensen to December 9, 2022.

13. On November 20, 2022, Plaintiff's cellmate attacked him, causing multiple injuries including a broken right femur. Plaintiff had to use a wheelchair as a result, and could not put weight on his leg for six weeks.

14. Two and a half weeks later, on December 9, 2022, Plaintiff was scheduled to have his decayed tooth extracted. Around 1:30 p.m. that day, Plaintiff was "pulled to go" to his offsite medical appointment, but Ramsey County employees – the J. Does 1-2 – brought a standard SUV squad car. J. Does 1-2 knew that Plaintiff was scheduled for a tooth extraction with a dental surgeon and that the medical procedure had been prescribed to Plaintiff by medical staff. Plaintiff's hands were cuffed and he could not get himself out of his wheelchair, much less into an SUV. When Plaintiff realized that he was unable to get himself into the squad, he

told J. Does 1-2 that he had a broken femur, that he was unable to put weight on his leg, and that he could not get into the squad with his hands cuffed. Plaintiff also informed J. Does 1-2 that he needed help getting into the squad due to his injuries and requested assistance, but J. Does 1-2 did not help him. Plaintiff was requesting an accommodation for his disability, but instead of providing an accommodation for Plaintiff's disability (e.g., assistance or a wheelchair accessible vehicle for Plaintiff's appointment), the J. Doe Defendants fabricated that Plaintiff was refusing his appointment and ordered him back into the jail.

15. Plaintiff submitted a grievance on or about December 12, 2022, stating that he had not refused to get into the squad on December 9, 2022, requesting that a wheelchair accessible vehicle be used to transport him to future offsite appointments, and requesting that his December 9, 2022 appointment be rescheduled "ASAP."

16. When Plaintiff was transferred to the Ramsey County Correctional Facility on December 13, 2022, Ramsey County employee Hawa Hassan noted during a nurse intake that Plaintiff had a painful dental condition and a dental infection. A reasonably prudent nurse would have sent Plaintiff to urgent care at this time. Instead, Hassan placed Plaintiff on the dental clinic list so that he would be seen at some future date.

17. On December 16, 2022, Plaintiff reported to Ramsey County employee Lauren Peterson that he could not fully open his jaw, that his jaw felt tight and stiff, and that this felt like it was getting worse. In light of these symptoms suggesting cellulitis, and Plaintiff's prior dental infection, a reasonably prudent nurse would have immediately placed Plaintiff on antibiotics and called an advanced practice registered nurse ("APRN"). Instead, Peterson failed to refer Plaintiff appropriately, ordering an x-ray and instructing Plaintiff to schedule a follow-up visit with June Hardrict, DDS.

18. Shortly after midnight on December 17, 2022, Plaintiff reported to Ramsey County employee Cathleen Larsen that: "My jaw is hurting and I am having trouble opening my mouth wide."

19. At approximately 5:50 a.m. on December 17, 2022, Plaintiff reported to Larsen that he was experiencing jaw pain, that it felt like there was "some warmth to [the] area and swelling," and that an ice pack did not help.

20. At approximately 2:25 p.m. on December 17, 2022, Plaintiff reported constant jaw pain, difficulty chewing and swallowing, and inability to eat the last couple meals due to significant pain while chewing and difficulty swallowing. Plaintiff had facial swelling at or around this time. Plaintiff rated his pain at eight out of ten and stated that it was constant. Ramsey County employee Frank Demike was made aware of this information.

21. At approximately 6:52 p.m. on December 17, 2022, Plaintiff reported to Ramsey County employee Caroline Odima that he continued to have a toothache and it hurt, rating his pain at eight out of ten.

22. As of December 17, 2022, Plaintiff needed to be seen at a hospital immediately. Defendants instead provided him with an ice pack and Ibuprofen.

23. At approximately 5:00 a.m. on December 18, 2022, Plaintiff reported pain and a fever to Ramsey County employee Cathleen Larsen, stating: "My tongue feels numb and I am having a hard time swallowing." Plaintiff still had limited range of motion with regard to his jaw, and pain upon opening his mouth widely. Plaintiff could not open his mouth wide enough for evaluation.

24. Plaintiff was finally sent to the Emergency Room at Regions Hospital at approximately 5:53 a.m. on December 18, 2022, due to his elevated temperature and pulse.

25. In the early hours of December 19, 2022, Ramsey County employee Cathleen Larsen called Regions Hospital for an update regarding Plaintiff and learned that Plaintiff had cellulitis and was nasally intubated.

26. Plaintiff was hospitalized from December 18, 2022 to January 9, 2023 with Ludwig's Angina and underwent multiple procedures, including "irrigation and debridement of left neck" (on December 18, 2022), "bilateral irrigation and debridement of neck via cervical approach" and placement of a nasogastric tube (on December 22, 2022), "irrigation and debridement of bilateral neck" (on December 27, 2022), and "laparoscopic placement of Gastrostomy tube" (on January 5, 2023).

27. After Plaintiff underwent multiple surgeries and subsequent placement of a Gastrostomy tube, he was on scheduled Gastrostomy tube feedings and needed speech therapy.

28. Plaintiff developed Ludwig's Angina as a result of the missed tooth extraction appointment on December 9, 2022, and subsequent delays in treating his dental infection which was first observed by medical staff on December 13, 2022. If Plaintiff's tooth was extracted as scheduled on December 9, 2022, Plaintiff would not have developed Ludwig's Angina. If Plaintiff's dental infection was properly treated when it was first observed on December 13, 2022, Plaintiff would not have developed Ludwig's Angina. If Plaintiff was brought to the emergency room prior to December 18, 2022, his dental infection could have been properly managed and would not have progressed as far as it did.

## **INJURIES SUFFERED**

29. As a direct and proximate result of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

6

    a. Violation of his constitutional right to substantive due process of law under the Fourteenth Amendment to the United States Constitution;

    b. Physical pain, suffering, discomfort, and complications, as outlined above; and

    c. Emotional/psychological trauma, anguish, distress, and suffering, as outlined above.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANTS J. DOES 1-2, DEMIKE, HASSAN, LARSEN, ODIMA, AND PETERSON

30. Plaintiff incorporates by reference each of the above allegations as if stated fully herein.

31. Based on the above factual allegations, Defendants, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to substantive due process of law under the Fourteenth Amendment to the United States Constitution through their deliberate indifference towards Plaintiff's serious medical needs and through their deliberate indifference towards one or more serious risks of harm to Plaintiff's health. Specifically, Defendants Demike, Hassan, Larsen, Odima, and Peterson knew of and deliberately disregarded Plaintiff's severe and excruciating pain and physical symptoms requiring emergency medical treatment. Defendants J. Does 1-2 knew of and deliberately disregarded Plaintiff's need for a prescribed tooth extraction.

32. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS AND DELIBERATE INDIFFERENCE (*MONELL*) CLAIM AGAINST RAMSEY COUNTY

33. Plaintiff incorporates by reference each of the above allegations as if stated fully herein.

34. At or around the time Plaintiff's rights were violated as discussed above, one or more of the following existed or occurred at Ramsey County: (1) a formal policy, officially promulgated or adopted, caused the violation of Plaintiff's rights; (2) the official responsible for

establishing policy or policies with respect to the subject matter in question caused the violation of Plaintiff's rights; (3) an unlawful practice by subordinate officials so permanent and well-settled as to constitute a "custom or usage" so manifest as to imply the acquiescence of policy-making officials caused the violation of Plaintiff's rights; and/or (4) a failure to train or supervise that amounted to "deliberate indifference" to the rights of those with whom Ramsey County's employees interacted caused the violation of Plaintiff's rights.

35. As a result of one or more policies, officials, customs, and/or the failure to train or supervise discussed above, employees of Ramsey County, including the individual Defendants, believed that their actions that violated Plaintiff's rights, which they knew disregarded Plaintiff's severe and excruciating pain and physical symptoms requiring emergency medical treatment, were acceptable or would not result in discipline.

36. Indeed, in or around February 2023, in response to a complaint brought by Ramsey County public health workers, Minnesota's top corrections official ordered Ramsey County Sheriff Bob Fletcher to immediately reduce the population of the Ramsey County Jail, saying insufficient staffing levels posed an "imminent risk of life-threatening harm" to people confined to the facility.[1]

37. This policy, official act, custom, or failure to train or supervise connected to insufficient staffing caused the violation of Plaintiff's rights discussed above.

### COUNT 3: MEDICAL MALPRACTICE CLAIM AGAINST DEFENDANTS RAMSEY COUNTY, DEMIKE, HASSAN, LARSEN, ODIMA, AND PETERSON

38. Plaintiff incorporates by reference each of the above allegations as if stated fully herein.

---

[1] Plaintiff incorporates all facts in the following news article into this complaint:

Andy Mannix, *Ramsey County Sheriff Ordered to Cut Jail Population Immediately*, STAR TRIBUNE, Feb. 4, 2023, available at https://m.startribune.com/ramsey-county-sheriff-ordered-to-cut-jail-population-by-corrections-paul-schnell-violations/600249134/

39. Based on the above factual allegations, Defendants Ramsey County, Frank Demike, Hawa Hassan, Cathleen Larsen, Caroline Odima, and Lauren Peterson have committed medical malpractice against Plaintiff.

40. Specifically, based on Plaintiff's severe pain and physical symptoms, Defendants Frank Demike, Hawa Hassan, Cathleen Larsen, Caroline Odima, and Lauren Peterson owed Plaintiff a duty and standard of care, as recognized by the medical community, to immediately transport Plaintiff, or have Plaintiff transported, to the emergency room for medical diagnosis and/or treatment. Defendants Frank Demike, Hawa Hassan, Cathleen Larsen, Caroline Odima, and Lauren Peterson breached and departed from this duty and standard of care when they delayed Plaintiff's transportation to the emergency room for more than 24 hours.

41. As a direct and proximate result of Defendants Frank Demike, Hawa Hassan, Cathleen Larsen, Caroline Odima, and Lauren Peterson's malpractice, Plaintiff suffered injuries and damages as aforesaid.

42. Defendant Ramsey County is vicariously liable for the malpractice of Defendants Frank Demike, Hawa Hassan, Cathleen Larsen, Caroline Odima, and Lauren Peterson.

### COUNT 4: NEGLIGENCE CLAIM AGAINST ALL DEFENDANTS

43. Plaintiff incorporates by reference each of the above allegations as if stated fully herein.

44. Based on the above factual allegations, Defendants acted negligently in their inadequate response to Plaintiff's severe pain and medical symptoms and/or in failing to timely transport Plaintiff, or have Plaintiff timely transported, to one or more medical appointments or the emergency room.

45. As a direct and proximate result of Defendants' negligence, Plaintiff suffered damages as aforesaid.

46. Defendant Ramsey County is vicariously liable for the negligence of the individual defendants.

### COUNT 5: 42 U.S.C. § 12132 – AMERICANS WITH DISABILITIES ACT ("ADA") PUBLIC SERVICES DISCRIMINATION CLAIM AGAINST RAMSEY COUNTY

47. Plaintiff incorporates by reference each of the above allegations as if stated fully herein.

48. Based on the factual allegations above, Defendant Ramsey County unlawfully discriminated against Plaintiff on the basis of his disability, denied Plaintiff equal access to its services on the basis of his disability, and failed to make reasonable accommodations, all in violation of the ADA, including but not limited to when the J. Does 1-2 failed to transport Plaintiff to a critical medical appointment on December 9, 2022.

49. As a result of these violations, Plaintiff suffered damages as aforesaid.

### COUNT 6: 29 U.S.C. § 794 – REHABILITATION ACT CLAIM AGAINST RAMSEY COUNTY

50. Plaintiff incorporates by reference each of the above allegations as if stated fully herein.

51. Based on the above factual allegations, Defendant Ramsey County unlawfully discriminated against Plaintiff on the basis of his disability and denied Plaintiff equal access to its services on the basis of his disability in violation of the Rehabilitation Act, including but not limited to when the J. Does 1-2 failed to transport Plaintiff to a critical medical appointment on December 9, 2022.

52. As a result of these violations, Plaintiff suffered damages as aforesaid.

### COUNT 7: MINN. STAT. § 363A.12 – MINNESOTA HUMAN RIGHTS ACT ("MHRA") PUBLIC SERVICES DISCRIMINATION CLAIM AGAINST RAMSEY COUNTY

53. Plaintiff incorporates by reference each of the above allegations as if stated fully herein.

54. Based on the factual allegations above, Defendant Ramsey County unlawfully discriminated against Plaintiff on the basis of his disability, including but not limited to when the J. Does 1-2 failed to transport Plaintiff to a critical medical appointment on December 9, 2022.

55. As a direct and proximate result of these violations, Plaintiff suffered damages as aforesaid.

### RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants violated Plaintiff's constitutional rights under the Fourteenth Amendment to the United States Constitution, the ADA, the Rehabilitation Act, and/or the MHRA, and that Defendants are liable to Plaintiff for all damages resulting from these violations;

b. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants committed medical malpractice and/or negligence against Plaintiff and that Defendants are liable to Plaintiff for all damages resulting from these violations;

c. Award compensatory damages to Plaintiff against all Defendants, jointly and severally;

d. Award punitive damages to Plaintiff against all Defendants, jointly and severally;

e. Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988, the ADA, the Rehabilitation Act, and/or the MHRA; and

f. Award such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

                          THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: November 3, 2023            By: s/ Zorislav R. Leyderman
                                                     ZORISLAV R. LEYDERMAN
                                                     Attorney License No. 0391286
                                                     Attorney for Plaintiff
                                                     The Law Office of Zorislav R. Leyderman
                                                     222 South 9th Street, Suite 1600
                                                     Minneapolis, MN 55402
                                                     Tel: (612) 876-6626
                                                     Email: zrl@ZRLlaw.com


Dated: November 3, 2023            s/ Tim Phillips
                                                     Tim Phillips (#390907)
                                                     Law Office of Tim Phillips
                                                     331 Second Avenue South, Suite 400
                                                     TriTech Center
                                                     Minneapolis, Minnesota 55401
                                                     Phone: (612) 470-7179
                                                     Email: tim@timphillipslaw.com

                                                     ATTORNEYS FOR PLAINTIFF